Filed 9/19/16  P.v. Diaz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079010 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F05203) |
| v. | |
| MICHAEL DIAZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Diaz has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

In July 2014, defendant lived with his elderly mother, Mary Diaz, and his brother, Eric Diaz.[1]  Mary was confined to a wheelchair, having been paralyzed on her right side due to a stroke she suffered earlier that year.  Eric is mentally disabled.

On July 28, 2014, Eric heard defendant breaking dishes in the kitchen.  Defendant and Eric began arguing and defendant threw a can at Eric, hitting Eric in the back of the head.[2]

Defendant became angry about the type of food in the house.  He approached Mary, who was in her wheelchair in the kitchen, and held a knife to her chest, telling her he wished she was dead and threatening to kill her.  He pushed Mary's wheelchair, causing her to fall out of the chair and hit the back of her head on the tile floor.  Defendant fled the house.  Eric went to the neighbor's house and called 911.  Mary lay on the floor, unable to get up.  Eventually, Eric was able to get her up and back into her wheelchair.  Mary called 911, first to report the assault and then again later to report that defendant had returned to the house.

Defendant was charged by amended information with elder abuse likely to produce great bodily harm or death (Pen. Code, § 368, subd. (b)(1) – count one),[3] assault with a deadly weapon as to Mary (§ 245, subd. (a)(1) – count two), making a criminal threat (§ 422 – count three), and assault with a deadly weapon as to Eric (§ 245, subd. (a)(1) – count four).  The information alleged defendant personally used a deadly and dangerous weapon in committing counts one and three (§ 12022, subd. (b)(1)), and

---

[1]  Because these two individuals share a surname, we will refer to them by their first names; no disrespect is intended.

[2]  Eric told the responding officer that defendant hit him in the head with a cane.

[3]  Unspecified statutory references are to the Penal Code.

suffered one prior serious felony conviction (§ 667, subd. (a)) constituting a strike (§§ 667, subds. (b)-(i), 1170.12), and four prior prison terms (§ 667.5, subd. (b)).

Defendant was tried by a jury and found guilty of elder abuse (count one); not guilty of assault with a deadly weapon, but guilty of the lesser-included offense of simple assault as to Mary (count two); not guilty of criminal threats (count three); and guilty of assault with a deadly weapon as to Eric (count four). The jury found not true the allegation that defendant personally used a deadly and dangerous weapon as to count one.

In a bifurcated proceeding, the trial court found true the prior strike conviction and four prior prison term allegations.

Following a hearing, the court denied defendant's motion to strike the prior strike conviction. Finding defendant ineligible for probation, the court sentenced defendant to three years (the middle term) on count one, doubled for the prior strike, plus one year (one-third the middle term) on count four, doubled for the prior strike, plus a consecutive five-year term for the violation of section 667, subdivision (a), and consecutive one-year terms for each of the four prior prison terms, for an aggregate sentence of 17 years in state prison. The court denied probation on the misdemeanor (count two) and imposed no sentence as to that count. The court awarded defendant 409 days of presentence custody credit (205 actual days plus 204 days of conduct credit), imposed a $5,100 restitution fine (§ 1202.4), a $5,100 parole revocation restitution fine, stayed pending successful completion of parole (§ 1202.45), a $120 court operations assessment (§ 1465.8, subd. (a)(1)), and a $90 court facility fee (Gov. Code, § 70373).

Defendant filed a timely notice of appeal.

II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30

3

days elapsed and we received no supplemental briefing from defendant. We did, however, receive from defendant a "request to relieve present counsel and appoint alternate appellate counsel" and an "affidavit of Michael Diaz in support of 30 day waiver of time for request of new appellate counsel," filed on August 8, 2016. We denied defendant's request on August 12, 2016.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Blease, Acting P. J.

We concur:


/s/
Hull, J.


/s/
Hoch, J.

4